**Edmund Clay Goodman**
Oregon State Bar #89250
egoodman@hobbsstraus.com (email)
Hobbs, Straus, Dean & Walker, LLP
806 SW Broadway, Suite 900
Portland, OR 97205-3311
(503) 242-1745 (phone)
(503) 242-1072 (fax)
Attorney for Defendant Coquille Indian Tribe

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE CITY OF NORTH BEND, an Oregon Municipal Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COQUILLE INDIAN TRIBE OF OREGON and COQUILLE ECONOMIC DEVELOPMENT CORPORATION,<br><br>Defendants. | CASE NO. _____<br><br>NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C.A. § 1441(b) (FEDERAL QUESTION) |

To the Honorable Judges of the United States District Court for the District of Oregon, Eugene Division:

1. Removing party, the Coquille Indian Tribe of Oregon ("Tribe" or "removing party"), by its undersigned attorney, respectfully shows this Court:

2. Removing party is a defendant in the above-entitled action.

NOTICE OF REMOVAL - 1

1    3. On September 22, 2009, the above-entitled action was commenced against the Tribe and the Coquille Economic Development Corporation ("CEDCO") in the Circuit Court for the State of Oregon for the County of Coos, and is now pending in such court.

4. On September 28, 2009, removing party was served with a Summons and Complaint in the above-entitled action at the offices of the Tribe, by acceptance of service by the Tribe's attorneys in Coos County, Oregon.

5. On September 30, 2009, removing party was served by mail with a copy of Plaintiff's Motion for Preliminary Injunction with request for oral argument. No further court proceedings have taken place with regard to this Motion or this action.

6. Plaintiff is a municipal corporation of the State of Oregon. Defendant Tribe is a federally recognized Indian tribe whose reservation lands are located within the State of Oregon. Defendant CEDCO is a wholly-owned enterprise of the Tribe, chartered under Tribal law and located on the reservation of the Tribe.

7. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(b).

8. In this case, Plaintiff is asking the state court to order a federally-recognized Indian tribe and its wholly-owned economic development entity to collect and remit tax revenues from activities on Tribal reservation land to Plaintiffs pursuant to a Municipal Services Agreement relative to those lands. The Agreement, including the central questions of its validity and enforceability, is governed by two federal statutes that completely pre-empt the field. 25 U.S.C. § 81 (concerning contracts "relative to [Indian] lands") and 25 U.S.C. §§ 2701 *et seq*. (the Indian Gaming Regulatory Act).

9. In addition, Plaintiff seeks an order authorizing Plaintiff to cease the provision of essential services (including sewer, fire, and law enforcement) to the same reservation land

NOTICE OF REMOVAL - 2

despite obligations to do so that arise under federal law, including the equal protection clause of the United States Constitution, the Indian Gaming Regulatory Act, and Public Law 83-280 (codified as 18 U.S.C. § 1162, 28 U.S.C. § 1360, and 25 U.S.C. § 1321–1326).

10. Plaintiff's otherwise artfully pleaded complaint includes a federal claim on its face through the attachment and incorporation of an exhibit (the Municipal Services Agreement at issue) that indicates the federal nature of the claim. On its face and by its express terms this Agreement indicates that the parties understood that it was governed by 25 U.S.C. §81, in that the Agreement states that it will not be effective until approved by the United States Secretary of the Interior (Section 10) and in fact contains the signature of the Secretary's designated representative. The Agreement also references an understanding that the Tribe would be conducting gaming on the land impacted by the Agreement, thus implicating the Indian Gaming Regulatory Act. Whether an action arises under the laws of the United States can be considered on the basis of the plaintiff's pleading as a whole, including attached documents and exhibits where they constitute a part of such pleading. See *State of Louisiana ex rel. Saint v. Morgan's Louisiana & T.R. & S.S. Co.*, 18 F.2d 645 (W.D. La. 1927). *Accord* FRCP 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

11. Moreover, the central issue in this dispute is whether the Municipal Services Agreement is "null and void" under 25 U.S.C. § 81 for lacking a necessary element ("a fixed limited time to run, which shall be distinctly stated."). A case will be deemed to "arise under" the laws of the United States if a well-pleaded complaint establishes that a plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997). Plaintiff's claims necessarily depend on resolution of substantial questions of federal law.

12. Copies of the Summons, Complaint, and Motion for Preliminary Injunction served on removing party in the above-entitled action are attached as Exhibit 1 and filed with this Notice.

NOTICE OF REMOVAL - 3

1    13. This notice is filed with this Court within 30 days after service on removing party of
2    the Summons and Complaint in the above-entitled action.

3    14. On the date set forth below, a copy of this notice is being served on Plaintiff's
4    attorney and on the attorney for CEDCO. On the same date, a copy of this notice is being filed
5    with the clerk of the Circuit Court for the State of Oregon for the County of Coos in which the
6    action was commenced.

7    15. On Monday, October 5, 2009, I spoke by telephone with Melissa Cribbins, attorney
8    for CEDCO in this matter, and informed her of the Tribe's intent to remove this action to the
9    United States District Court for the District of Oregon. She informed me on behalf of her client
10   that CEDCO consents to the Tribe's removal of the action.

12   WHEREFORE, removing party requests that the above-entitled action be removed from
13   the Circuit Court for the State of Oregon for the County of Coos to this Court.

16   Dated: October 5, 2009

Edmund Clay Goodman
Oregon State Bar #89250
Attorney for Defendant Coquille Indian Tribe
Hobbs, Straus, Dean & Walker, LLP
806 SW Broadway, Suite 900
Portland, OR 97205
  (503) 242-1745 (phone)
  (503) 242-1072 (fax)
egoodman@hobbsstraus.com (email)

NOTICE OF REMOVAL - 4