Exhibit 1 to Coquille Tribe's Notice of Removal

Table of Contents

Summons.................................................................................................................................2

Complaint..............................................................................................................................3

Exhibit 1 to Complaint.........................................................................................................8

Motion for Preliminary Injunction......................................................................................16

Affidavit of Jan Willis .........................................................................................................25

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 1 of 28

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF COOS

| | |
|---|---|
| THE CITY OF NORTH BEND, an Oregon Municipal Corporation, | ) ) ) Case No.: 09CV0783 |
| Plaintiff, | ) ) ) SUMMONS |
| vs. | ) ) ) |
| COQUILLE INDIAN TRIBE OF OREGON and COQUILLE ECONOMIC DEVELOPMENT CORPORATION, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**TO:   Melissa Cribbins Coquille Indian Tribe, 3050 Tremont Ave., North Bend, OR**

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within 30 days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

**Mike Stebbins**, OSB #75353
Stebbins & Coffey, Attorneys at Law
745 California Street - P.O. Box 1006
North Bend, OR  97459
(541) 756-2066 - Trial Attorney for Plaintiff

**STATE OF OREGON, County of Coos) ss. )**   I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

**TO THE OFFICER OR PERSON SERVING THIS SUMMONS:**   You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service and attach hereto.

**Mike Stebbins**, OSB #75353
Stebbins & Coffey, Attorneys at Law

**Mike Stebbins**, OSB #75353
Stebbins & Coffey, Attorneys at Law

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 2 of 28

Certified true copy:

By _____

RECEIVED

SEP 2 2 2009

COOS COUNTY COURTS

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF COOS

THE CITY OF NORTH BEND, an Oregon )
Municipal Corporation, )
                                    )   Case No.: 09CV0783
            Plaintiff, )
                                    )   COMPLAINT – SPECIFIC
    vs. )   PERFORMANCE OF A CONTRACT
                                    )
COQUILLE INDIAN TRIBE OF OREGON )   (Not subject to mandatory Arbitration)
and COQUILLE ECONOMIC )
DEVELOPMENT CORPORATION, )
                                    )
            Defendants. )
                                    )

1.

Plaintiff, City of North Bend (hereinafter "City") is an Oregon Municipal Corporation.

2.

The Coquille Indian Tribe of Oregon (hereinafter "Tribe") is a federally recognized tribe of Indians organized pursuant to the Constitution and By-laws adopted by the Tribe's membership.

3.

The Coquille Economic Development Corporation (hereinafter "CEDCO") is a tribally chartered corporation which is wholly owned by the Tribe. CEDCO is also a registered corporation authorized to do business and doing business in the State of Oregon as "The Mill".

*COMPLAINT – Specific Performance of a Contract - 1*

Stebbins & Coffey
Attorneys at Law
P.O. Box 1006
745 California St.
North Bend, OR 97459
(541) 756-2066

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 3 of 28

4.

On October 25, 1994, Plaintiff and the Defendants entered into a written Agreement for Municipal Services ( hereinafter "Agreement") under the terms of which the City agreed to provide certain municipal services to the Defendants' facility known as The Mill, along with other consideration, in exchange for certain periodic payments from the Defendants.  A copy of the Agreement is attached to this Complaint as Exhibit "1" and by this reference its provisions are incorporated herein.

5.

Immediately following the execution of the Agreement, the City began providing services to the Defendants.  The Defendants began making periodic payments to the City for those services under the terms of the Agreement.  The provision of services by the City continues, but Defendants have failed to pay amounts due under Paragraph (5) (a) of the Agreement for fire protection, law enforcement, community and tourist promotion, and other municipal services.  Defendants now owe the Plaintiff pursuant to Paragraph (5) (a) of the Agreement the approximate sum of $115,000.00 for the first quarter payment due pursuant to Paragraph (5) (a) of the Agreement.  This payment was to be paid by Defendants to Plaintiff on July 1, 2009.

6.

Defendants have advised the Plaintiff of their intent not to honor the terms of Paragraph (5) (d) of the Agreement in the future.  On October 15, 2009, an additional $44,750.00 will be due Plaintiff from Defendants, representing the first quarterly installment for the Room Charges described in Paragraph (5) (d) of the Agreement. Time is of the essence in Exhibit "1".

*COMPLAINT – Specific Performance of a Contract - 2*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 4 of 28

7.

Paragraph 5 (a) of the Agreement provides that the value of land, improvements and personal property shall be not less than the full insurable value of such property. Defendant has failed to provide to Plaintiff any information on the insurable value of its land, improvements and personal property for the 2009-2010 fiscal year.  Defendant should be required to perform the terms of the Agreement and provide the full insurable value of its land, improvements and personal property to Plaintiff so the payments due pursuant to Paragraph 5 (a) of the Agreement can be calculated by Plaintiff.  In the alternative, the Defendant should be required to appoint an appraiser as provided by Paragraph 5 (a) of the Agreement so the alternate method of establishing the value of the land, improvement and personal property can be determined.

8.

Plaintiff, City, has provided written notice of default under the Agreement to the Defendants.

9.

Plaintiff, City, is ready, able, and willing to continue to carryout its obligations under the Agreement.

10.

The Agreement provides that if an action is instituted to enforce any of its contractual provisions, the prevailing party shall be entitled to an award of costs and reasonable attorney's fees.

/ / / /

/ / / /

/ / / /

*COMPLAINT – Specific Performance of a Contract - 3*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 5 of 28

11.

Plaintiff, City, has no adequate remedy at law.

**WHEREFORE, Plaintiff prays for judgment against the Defendants:**

1.    Requiring Defendants to pay the outstanding balance due Plaintiff under the terms of Paragraph 5 (a) of the Agreement, in the amount of $115,000.00 within thirty (30) days of the date of the Judgment or within such other time as the Court may fix for payment;

2.    Requiring Defendants to pay to Plaintiff the amounts which will become due under the terms of Paragraph 5 (d) of the Agreement, in the amount of $44,750.00 within thirty (30) days of October 15, 2009;

3.    Requiring Defendants to provide to Plaintiff a copy of those documents evidencing the full insurable value of Defendant's land, improvements and personal property as provided by Paragraph 5 (a) of the Agreement, or, in the alternative, appointing an appraiser for Defendant pursuant to Paragraph 5 (a) of the Agreement so the three party appraisal set forth in Paragraph 5 (a) of the Agreement can be done to determine the appraised value of Defendant's land, improvements and personal property;

4.    Requiring Defendants to continue paying those amounts required in Paragraph 5 of the Agreement, so long as they continue to receive City services;

5.    If Defendants fail to pay the balances due Plaintiff under the terms of the Agreement, or if Defendants fail to make payments in the future under the terms of Agreement after appropriate notice of default, authorizing Plaintiff to stop providing the municipal services described in paragraph 4 of the Agreement permanently or until such time as Defendants' payments are current;

*COMPLAINT – Specific Performance of a Contract - 4*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 6 of 28

6.    For Plaintiff's costs and attorney's fees; and

7.    Granting Plaintiff such other relief as the Court deems equitable.


Dated this ⟨22⟩ day of ⟨September⟩, 2009.



Respectfully submitted,

STEBBINS & COFFEY


MIKE STEBBINS
OSB No. 75353 - Trial Attorney
Stebbins and Coffey
745 California - P. O. Box 1006
North Bend OR 97459
Phone: (541) 756-2066 - Fax: (541) 756-2060
Email: stebbins@stebbinsandcoffey.com

*COMPLAINT – Specific Performance of a Contract - 5*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 7 of 28

AGREEMENT FOR MUNICIPAL SERVICES

This agreement, dated in 1994 is made by and between the CITY OF NORTH BEND, herein called City, the COQUILLE INDIAN TRIBE OF OREGON, herein called Tribe, and the COQUILLE ECONOMIC DEVELOPMENT CORPORATION, herein called CEDCO, for the purpose of providing certain municipal services on the following terms and conditions:

(1) STATUS OF THE PARTIES:

The City of North Bend is an incorporated city of the State of Oregon operating under a city charter with a general grant of powers and subject to constitutional and statutory provisions of the State of Oregon.

The Coquille Indian Tribe is a federally recognized tribe of Indians that was recognized by the Coquille Indian Tribe of Oregon Restoration Act of June 28, 1989, Public Law 101-42, 25USC Section 715, et seq., and is organized pursuant to constitution and bylaws which were adopted by the Tribe's membership on August 27, 1991.

CEDCO is a tribally chartered corporation which is wholly owned by the Tribe and is the Tribe's authorized agent for the performance of the terms and conditions of this agreement.

(2) PURPOSE OF AGREEMENT: The Tribe and CEDCO intend to construct, operate and maintain a facility on said property to be called "The Mill" which is expected to attract large numbers of people and generate a need for public and utility services available in the City of North Bend. The parties recognize that the Tribe and CEDCO are not subject to the levy of taxes and other charges for municipal services and that this contract is requested by the City to provide and compensate for such services.

(3) WAIVER OF SOVEREIGNTY AND OTHER IMMUNITIES: Under various laws of the United States and State of Oregon the parties may have sovereign or other immunities which would prevent or impair the enforcement of the terms of this agreement. Without making any general waiver, limitation or modification of sovereign and other immunities, the parties to this agreement waive any sovereign or other immunity from legal proceedings for the enforcement of the terms of this agreement and consent to be sued in the courts of the State of Oregon and/or the United States District Court for the District of Oregon. The parties to this agreement expressly consent to the service of process for actions entirely within the scope of this limited waiver; and this waiver is expressly limited to permit judgments or awards only to the extent necessary to provide remedies for the breach of this agreement, including the enforcement of a decision of binding arbitration.

(4) MUNICIPAL SERVICES: The City provides various tangible and intangible municipal services and also makes available to persons and

- 1 -

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 8 of 28

properties within the City the various utility and other services provided by other agencies.  The City agrees to provide to the Tribe and CEDCO, for use in connection with its trust property, the following municipal services.

(a) Sewer Services:  The City will provide to The Mill property sanitary and storm sewer services under the provisions of State and Federal regulations of those services and the provisions of its sewer connection and sewer user ordinances; and the provision of such services is subject to, and conditioned on, compliance with those laws, rules and regulations.

(b) Fire Protection:  The City agrees to furnish fire protection services to The Mill premises subject to the City's rules and policies for providing protection to premises within the City of North Bend and premises for which the City provides contract fire protection.  The quality and type of fire protection to be provided will depend, in part, on compliance at the site with appropriate fire protection standards for construction, layout and operation of The Mill facility.

(c) Law Enforcement:  City law enforcement officials are involved with the enforcement of both State and local laws which will be impacted by the number of persons traveling to or using The Mill facilities; but CEDCO will provide its own policing of the use of its facilities at The Mill.

(d) Community and Tourist Promotion:  The City provides funds and personnel to promote tourism and other use of the various facilities and attractions in the City and Bay Area from funds derived from a transient room tax.  The City agrees to continue such services with funds provided under the provisions of this agreement, and such funds will be expended as provided in this agreement and in Ordinance No. 1650 as it now exists or may hereafter be amended.

(e) Other Impacts on Municipal Services:  The parties agree to cooperate in identifying other specific needs for municipal facilities and services within the City attributable to the construction, operation or maintenance of The Mill; and, based on the type and nature of the impacts, the parties will attempt to mitigate such impacts, and in case of disagreement will submit the issue to arbitration.

(5) CONSIDERATION FOR SERVICES:  As consideration for the general municipal services provided by the City of North Bend together with the specific services described herein, the Tribe and CEDCO will be obligated for payment to the City for such services as follows:

(a) Payment in Lieu of Taxes:  For general municipal services, including fire protection and law enforcement, the Tribe and CEDCO agree to pay to the City an amount in lieu of taxes equal to the property tax assessment rate of the City for each fiscal year

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 9 of 28

beginning July 1 applied to the value of non-taxable real and personal property on the premises of The Mill property. Payment shall be made in July of each fiscal year.

For purposes of this agreement, the initial value of property shall be not less than the total acquisition cost of land, improvements and personal property. Thereafter, valuation of land, improvements and personal property will be not less than the latest valuation established by the Coos County Assessor. If valuation of any property ceases to be established by the Assessor, then the valuation of that property shall not be less than the full insurable value thereof. Notwithstanding any other provisions on valuation of property, either party may require a new valuation by a qualified appraiser. If the parties cannot agree on one appraiser, each shall select an appraiser and those two appraisers shall select a third and the three or a majority of them shall make the determination of value. Costs of appraisals shall be paid by the party demanding the appraisal, except that the cost of an appraiser selected by one party only will be paid by that party.

In the event that changes in the Oregon laws substitute another tax for property taxes, the in-lieu of tax rate for purposes of this agreement shall be the latest rate per $1,000 of value assessed by the City.

As an illustration of the computation of the amount of in lieu of taxes, if the tax rate of the City were $5.6826 per $1,000 of value (as it was for 1993-94) and if the value were $16,000,000, then the in lieu payment would be $90,921.60.

(b)  Sewer Charges:  CEDCO and/or the Tribe agree to pay to the City all connection and user charges for sanitary and storm sewer services for The Mill that are charged to properties outside the City under present, amended and future ordinances.

(c)  Local Improvement Districts:  In the event that The Mill will be directly within the area benefiting from a street, sewer, drainage or other public improvement, then it will be treated the same as other property within the City, and will have the right to file a remonstrance to the improvement and will be subject to payment of assessments for benefits to the property.

(d)  Room Charges:  CEDCO and the Tribe agree that the City will be paid at the same rate for occupied rooms at any motel or hotel operated at The Mill as are charged to other motels and hotels within the City under present and future ordinance provisions. Such charges will be paid monthly during the next succeeding month after they are incurred in the following manner:

(i)  The first $150,000 will be paid to the City to be expended as provided in Section 27 of North Bend Ordinance No. 1650. Each year such amount will be increased or decreased by

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 10 of 28

the percentage of increase or decrease in the U.S. City Average Consumer Price Index for All Urban Consumers during the preceding calendar year.

(ii)  Amounts in excess of $150,000 shall be paid into a fund established jointly by the City and CEDCO to promote the Mill, the Bay Area and the City of North Bend.  These funds will be used and controlled by mutual agreement between CEDCO and the City of North Bend.

(e)  Accrual and Payment of Consideration:  Payments in lieu of taxes will accrue beginning with the date that The Mill property is acquired by the Tribe; provided, that payment for the fiscal year during which the transfer is made will be in the amount of $15,000 payable within one month of the transfer, and $85,000 will be payable within one month from the opening or use of any part of The Mill property for gaming.  Sewer charges will accrue and be paid as provided in the Ordinances of the City.

(6)  DISPUTE RESOLUTION:  In the event that an issue set forth in this agreement is not resolved by the parties pursuant to the procedures set forth herein, such an issue shall be resolved by arbitration and/or judicial proceedings in accordance with the State of Oregon Dispute Resolution process.

(a)  Notice:  The party asserting any breach or failure to perform this agreement shall give the other party written notice specifying the alleged breach or failure, and the other party or parties will have thirty days in which to remedy the breach or provide a written statement asserting reasons why no breach has occurred. If the matter has not been resolved through such process, then either party may institute proceedings for dispute resolution.

(b)  Addresses for Notifications:  Unless changed by written notice to the other parties, the addresses for mailing notices will be as follows:

Coquille Tribe of Oregon
P.O. Box 1435
Coos Bay, Oregon 97420

Coquille Economic Development Corp.
3201 Trement
North Bend, Oregon 97459

City of North Bend
P.O. Box "B"
North Bend, Oregon 97459

(c)  Court Costs and Attorney's Fees:  In the event of legal proceedings to enforce any provision in this contract, the prevailing party shall be entitled to an award of court costs and reasonable

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 11 of 28

attorney's fees in such legal proceedings and any appeal thereof.

(7)    ENTIRE AGREEMENT:    This agreement constitutes the entire agreement between the parties and is intended to be consistent with applicable law, and the parties agree that there exists no other understandings or agreements, either expressed or implied, concerning the subject matter of this agreement.

(8)    FEE TO TRUST APPEAL AND VACATION:    Immediately following the execution of this agreement, the City of North Bend agrees to drop its appeal of the Warehouse Properties transfer from fee status to trust status by the United States through the Department of Interior, and agrees to use its best efforts to complete the vacation of Wharf within said property.  The City of North Bend will at the same time as the execution of this agreement formally notify the Interior Board of Indian Appeals that it is withdrawing its appeal of the Area Director's decision to accept The Mill site into trust for the benefit of the Tribe.    The City also agrees not to oppose the allowance of gaming or a lease on the premises.

(9)    AMENDMENTS:    This agreement may be amended in writing by the parties by (1) identifying it as an amendment; (2) attaching it to this agreement; and (3) executing such amendments.

(10)    APPROVAL BY DEPARTMENT OF INTERIOR:    This agreement will not be effective unless and until it has been approved by the Department of Interior through the written endorsement on this agreement by its authorized representative.

Executed for the City this _25th_ day of October, 1994; executed for the Tribe this _25th_ day of October, 1994; and executed for CEDCO this _25th_ day of October, 1994.

_____
MAYOR OF CITY OF NORTH BEND


_____                _____
BRUCE ANDERSON                                 EDWARD METCALF
President of CEDCO                              Chairman of the Coquille
                                               Indian Tribe


The foregoing Agreement for Municipal Services is hereby approved by authority delegated to the Superintendent, Portland Area Office, Bureau of Indian Affairs, United States Department of Interior, this _27th_ day of _October_, 1994.


_____
UNITED STATES DEPARTMENT OF INTERIOR

- 5 -

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 12 of 28



# COQUILLE INDIAN TRIBE

295 S. 10th ● P.O. Box 1435 ● Coos Bay, OR 97420
Telephone 503-267-4587 ● FAX 503-269-2573
1-800-622-5869

## RESOLUTION
## CY9454

ECONOMIC DEVELOPMENT:  Approval of Agreement for Municipal Services
with the City of North Bend

**WHEREAS,** the Coquille Indian Tribe is governed by the Coquille Tribal Council pursuant to the Tribal Constitution adopted by eligible voters of the Tribe on August 27, 1991, and approved by the Secretary of the Interior on September 9, 1991; and that the Tribal Council is empowered to act for the Coquille Indian Tribe; AND,

**WHEREAS,** the Coquille Indian Tribe in the exercise of its governmental powers through its duly elected Tribal Council did establish the Coquille Economic Development Corporation (CEDCO) to conduct and perform economic development and related work for and on behalf of the Coquille Indian Tribe; AND,

**WHEREAS,** the Tribe and CEDCO intend to construct, operate, and maintain a facility on and in connection with the Tribe's property to be called "The Mill"; AND,

**WHEREAS,** there is a need for municipal services for the facility and operations including sewer, water, fire protection, security, power, and other impacts as may be determined; AND,

**WHEREAS,** the City of North Bend, the Coquille Indian Tribe, and the Coquille Economic Development Corporation did enter into an Agreement For Municipal Services in which the Tribe agrees to a limited waiver of its sovereign immunity for the enforcement of the terms of the agreement and in which the City agrees to provide certain services; AND,

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 13 of 28

**RESOLUTION CY9454**
ECONOMIC DEVELOPMENT:  Approval of Agreement for
Municipal Services with the City of North Bend

Page 2

**WHEREAS,** CEDCO advises and recommends to the Coquille Tribal Council that the Agreement for Municipal Services is in the best interest of the Tribe and will provide economic benefits; NOW,

**THEREFORE BE IT RESOLVED,** by the Tribal Council of the Coquille Indian Tribe that the Agreement for Municipal Services and the limited waiver of sovereign immunity contained in said Agreement executed by and on behalf of the City of North Bend by its Mayor as authorized by its City Council, executed by and on behalf of the Coquille Indian Tribe by the Chairman of the Tribal Council, and executed by and on behalf of the Coquille Economic Development Corporation by its President in October 1994 is hereby ratified.

# C E R T I F I C A T I O N

The foregoing Resolution was duly adopted at the Tribal Council Meeting held at Coos Bay, Oregon, on November 7, 1994, with the required quorum present by a vote of ___3___ For; ___0___ Against; ___3___ Absent; ___0___ Abstaining.


Edward L. Metcalf,
Chairperson

Joyce Tanner, Acting,
Secretary-treasurer

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 14 of 28

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF COOS

| | |
|---|---|
| THE CITY OF NORTH BEND, an Oregon )<br>Municipal Corporation, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>COQUILLE INDICAN TRIBE OF )<br>OREGON and COQUILLE ECONOMIC )<br>DEVELOPMENT CORPORATION, )<br> )<br>Defendants. ) | Case No.: 09CV0783<br><br>**ACCEPTANCE OF SERVICE OF**<br>**COMPLAINT ON BEHALF OF**<br>**COQUILLE INDIAN TRIBE OF OREGON**<br>**AND COQUILLE ECONOMIC**<br>**DEVELOPMENT CORPORATION.** |

STATE OF OREGON )
               ) ss.
County of Coos )

    I, Melissa Cribbins, being first duly sworn, depose and say as follows:

    I am one of the attorney for the Coquille Indian Tribe of Oregon and the Coquille Economic Development Corporation, Defendants, in the above-entitled matter. I am authorized to and do hereby accept service of the Complaint on behalf of the Coquille Indian Tribe of Oregon and the Coquille Economic Development Corporation by accepting a true copy of said Complaint, certified as such by Mike Stebbins, Attorney at Law. I accepted the Complaint at my offices in North Bend, Oregon, on the 28th day of September, 2009.

        Brett Kenny           MELISSA CRIBBINS, OSB No. 066419
                                92352
                         Coquille Indian Tribe
                         3050 Tremont Ave.
                         North Bend, OR  97459

    SUBSCRIBED AND SWORN to before me this 28th day of September, 2009.

                                   NOTARY PUBLIC FOR OREGON

OFFICIAL SEAL
KAY M COLLINS
NOTARY PUBLIC-OREGON
COMMISSION NO. 412089
MY COMMISSION EXPIRES NOVEMBER 19, 2010

*Acceptance of Service - 1*

Stebbins & Coffey
Attorneys at Law
P.O. Box 1006
745 California St.
North Bend, OR  97459
(541) 756-2066

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 15 of 28

1

2

Certified true copy:

By _____

3

4

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5

FOR THE COUNTY OF COOS

6

7  | THE CITY OF NORTH BEND, an Oregon )
8  | Municipal Corporation,                          )
   |                                                 )   Case No.: 09CV0783
9  |                           Plaintiff,            )
   |                                                 )   MOTION FOR PRELIMINARY
10 |            vs.                                  )   INJUNCTION
   |                                                 )
11 | COQUILLE INDIAN TRIBE OF OREGON )   Oral Argument Requested (30 minutes)
   | and COQUILLE ECONOMIC                           )
12 | DEVELOPMENT CORPORATION,                         )   Official Court Reporting Services
   |                                                 )   Requested
13 |                           Defendants.           )
   |                                                 )   Expedited Hearing Requested
14

15                                             1.

16          Plaintiff moves the Court for an order granting a preliminary injunction restraining

17   Defendants from withholding from Plaintiff a portion of the payments for municipal

18   services due for the fiscal year beginning July 1, 2009.  Specifically, Plaintiff seeks an

19   order restraining Defendants from continuing to withhold $140,993, of the approximate

20   $639,000 due to the City for the current fiscal year, on the grounds that the Plaintiff has

21   provided, and the Defendants have received, general municipal services, including fire

22   protection and law enforcement services, since July 1, 2009, and Plaintiff will be

23   immediately and irrevocably harmed by the continued withholding of this partial amount

24   during the pendency of this action.

25   ///

26   ///

*MOTION – Preliminary Injunction - 1*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 16 of 28

2.

In addition, Plaintiff moves the Court for an order granting a preliminary injunction restraining Defendants from receiving from Plaintiff, and relieving Plaintiff from any obligation or duty to provide, any further municipal services as described in paragraph 4 of the Agreement, during the pendency of this action.

3.

Defendants' continued withholding of the partial payment of $140,993 described in paragraph 1 will cause immediate and irreparable injury to the Plaintiff in the form of cuts in the Plaintiff's general service budget, that will result in the elimination of one police officer position, as well as the termination of one firefighter employee and one parks worker employee, effective November 1, 2009.

4.

Plaintiff requests that the Court waive the giving of security pursuant to ORCP 82 A(1)(b)(ii), on the grounds that the preliminary injunctions are sought by the Plaintiff to prevent the Defendants' unlawful conduct and to restrict the Defendants to available judicial remedies.

5.

In support of this motion, Plaintiff relies on the affidavit of Jan Willis, ORCP 79, and the following memorandum.

6.

MEMORANDUM OF POINTS AND AUTHORITIES

ORCP 79 A(1), provides that a preliminary injunction may be allowed "when it appears that a party is entitled to relief demanded in a pleading, and such relief, or any part thereof, consists of restraining the commission or continuance of some act, the commission or continuance of which during litigation would produce injury on the party

*MOTION – Preliminary Injunction - 2*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 17 of 28

1 seeking relief." Under the traditional test, recognized by the Ninth Circuit Court of

2 Appeals, a preliminary injunction is appropriate when:

3     1.  The moving party will suffer irreparable injury if the injunction is not granted,

4     2.  The moving party will probably prevail on the merits,

5     3.  In balancing equities, the adverse party will not be harmed more than the moving

6        party will be helped, and

7     4.  Granting the injunction is in the public interest.

8 *National Wildlife Federation v. Colston*, 773 F.2d 1513, 1517 (9th Cir. 1985)

9     Each of the elements of this test is satisfied in the present case, as follows:

10

11              The City will suffer irreparable injury if the injunction is not granted.

12     In the present litigation, the Plaintiff seeks specific performance from the

13 Defendants, which would require the Defendants to continue making payments to the

14 Plaintiff in exchange for municipal services and other value consideration provided by

15 the Plaintiff. The first preliminary injunction order sought by Plaintiff, is for payments in

16 lieu of taxes for services that have already been provided by the Plaintiff, and received

17 by Defendants. Plaintiff has provided these services to the detriment of other citizens

18 who have paid for such services through their property taxes and other municipal fees.

19 In addition, the partial payment requested is needed to avoid the elimination of three

20 positions in the City's police, fire and parks departments. Reductions in staffing for

21 police and/or fire services impose a risk that adequate personnel will not be available to

22 promptly respond to emergency situations, which increases the risk of property damage,

23 serious injury, and death in such situations. Further, once a position is eliminated, the

24 employee filling that position is lost and usually does not return. If the position is later

25 reinstated, the previously lost experienced employee will be replaced by a less

26 experienced employee.

*MOTION – Preliminary Injunction - 3*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 18 of 28

1    In addition, if the Plaintiff is not relieved from the obligation of providing future

2   services during the pendency of this action, the Plaintiff will be required to divert

3   resources from its citizens who pay for municipal services through their taxes, to provide

4   such services to the Defendants without compensation.

5

6                      The City will likely prevail on the merits.

7    The Plaintiff seeks specific performance by the Defendants on a contract that

8   was implemented in 1994, and has been faithfully honored by the parties for the past 15

9   years. To the extent that the Plaintiff seeks payment for services already rendered to,

10  and enjoyed by, the Defendants, the Plaintiff is very likely to prevail, if for no other

11  reason than on the basis of equity. In addition, to the extent that the Defendants fail

12  and/or refuse to pay for municipal services from the Plaintiff during the pendency of this

13  litigation, then the Plaintiff is likely to be relieved from any obligation to provide such

14  services. In the alternative, if the Court finds that the Defendants are likely to prevail

15  and be relieved from any further obligation to pay for future services under the

16  Agreement, then as a consequence of this decision, the Defendants will have no right to

17  receive such services from the Plaintiff, and the Plaintiff will be relieved from the

18  obligation and duty to provide such services to the Defendant.

19

20  In balancing equities, the Tribe will not be harmed more than the City will be helped.

21   The preliminary injunction requests that the Court order the Defendants to stop

22  withholding approximately 22% of the payments in lieu of taxes that would be due to the

23  Plaintiff under the terms of the Agreement for the fiscal year that began July 1, 2009.

24  Since that time, the Plaintiff has provided, and the Defendants have received, municipal

25  services that the Plaintiff has no obligation to provide, but for the Agreement. By

26  requiring the Defendants to release a payment of $140,993, the Plaintiff will be able to

*MOTION – Preliminary Injunction - 4*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 19 of 28

1   preserve three employee positions that will otherwise need to be eliminated.  In

2   addition, by relieving the City of the obligation to provide additional municipal services

3   without compensation during the pendency of the litigation, the parties' relationship will

4   be placed on hold while the existence and validity of the Agreement is considered by

5   the Courts.  This is an equitable arrangement to maintain while the parties argue their

6   respective positions concerning the Agreement to the Court.

7

8                    Granting the injunction is in the public interest.

9           The Plaintiff is a municipal corporation that provides municipal services, including

10  police and fire services, to all persons within its corporate limits.  The Defendants' real

11  property is surrounded by the Plaintiff on all sides, and is largely open to the general

12  public.  Persons entering the Defendants' property, must pass through the Plaintiff's

13  jurisdiction.  As a result, Plaintiff is uniquely situated to provide municipal services to the

14  Defendants and members of the general public that travel to, from and stay upon the

15  Defendants' property.

16          If the injunction is denied, and the Plaintiff is required to have provided, and to

17  continue to provide, municipal services to the Defendants without compensation, then

18  the Plaintiff will be required to implement severe cuts to its general services budget.

19  Such cuts will eliminate positions in the Plaintiff's police, fire and parks departments,

20  among others.  As a result, the Plaintiff's ability to provide such services to the

21  Defendants and the general public will be reduced.  However, if the injunction is

22  granted, the Plaintiff will be able to maintain its current staffing levels and levels of

23  service to the general public until the litigation is resolved.  In addition, for the duration

24  of the litigation, the Plaintiff will be relieved from stretching its resources to provide

25  continuing municipal services to the Defendants, for which the Plaintiff is receiving no

26  compensation.


*MOTION – Preliminary Injunction - 5*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 20 of 28

1    <u>The Court should waive the giving of security.</u>

2        Plaintiff requests that the Court waive the giving of security pursuant to ORCP 82

3    A(1)(b)(ii), on the grounds that the preliminary injunctions are sought by the Plaintiff to

4    prevent the Defendants' unlawful conduct and to restrict the Defendants to available

5    judicial remedies.  The general rule set forth in ORCP 82, is that no "preliminary

6    injunction shall issue except upon the giving of security by the applicant, in such sum as

7    the court deems proper, for the payment of such costs, damages, and attorney fees as

8    may be incurred or suffered by any party who is found to be wrongfully enjoined or

9    restrained."  However, an exception to the requirement of giving security exists when

10   the "restraining order is sought to prevent unlawful conduct when the effect of the

11   injunction is to restrict the enjoined party to available judicial remedies."

12        In the underlying action, the Plaintiff seeks specific performance by the

13   Defendants with respect to an Agreement for Municipal Services between the parties.

14   The Agreement provides, among other things, that the Plaintiff will provide certain

15   municipal services to the Defendants' Mill Casino and Hotel property (which is currently

16   exempt from taxation by the Plaintiff), in exchange for certain payments in lieu of taxes.

17   However, since July of 2009, and while the Defendants have continued to actively utilize

18   the Plaintiff's municipal services, the Defendants have withheld and failed to pay the

19   Plaintiff for these services as provided for in the Agreement.  To the extent that the

20   Defendants may have some counterclaim or other grievance against the Plaintiff related

21   to the Agreement, the Defendants must be restricted to the available judicial remedies

22   set forth in the Agreement. The withholding of payments by the Defendants is not

23   ///

24   ///

25   ///

26

*MOTION – Preliminary Injunction - 6*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 21 of 28

1    pursuant to any right or dispute resolution procedure set forth in the Agreement and is

2    therefore unlawful.  For these reasons, the Court should waive the giving of security by

3    Plaintiff.

4

5        Dated this 28 day of September, 2009.

6

7

8            Respectfully submitted,

9            STEBBINS & COFFEY

10

11

12           MIKE STEBBINS
             OSB No. 75353 - Trial Attorney
13           Stebbins and Coffey
             745 California - P. O. Box 1006
14           North Bend OR 97459
             Phone: (541) 756-2066 - Fax: (541) 756-2060
15           Email: stebbins@stebbinsandcoffey.com

16

17

18

19

20

21

22

23

24

25

26

*MOTION – Preliminary Injunction - 7*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 22 of 28

1

### CERTIFICATE OF FILING

2

I certify that on September 28, 2009, the original of this Motion for Preliminary Injunction

3
was hand delivered to the Coos County Circuit Court Clerk for filing, at this address:

4
Courthouse
250 N. Baxter

5
Coquille, OR 97423

6

7
DATED this 28th day of September, 2009.

8

9

10

MIKE STEBBINS

11
OSB No. 75353 - Trial Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**MOTION – Preliminary Injunction - 8**

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 23 of 28

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that I served a true and correct copy of the foregoing Motion for

Preliminary Injunction; Affidavit of Jan Willis, upon the following individual by

4

depositing, in the United States Post Office at North Bend, Oregon, on the 30th day of

5

September, 2009, in a sealed envelope with postage prepaid, addressed to the

6

7          following individual at the address shown below:

8

9          Edmund Clay Goodman
           Hobbs Straus Dean & Walker LLP
10         806 SW Broadway, Suite 900
           Portland, OR 97205
11

12

13                                             STEBBINS & COFFEY

14

15                                  By:

16                                  DAVID R. KOCH, OSB 004630
                                    Trial Attorney for Plaintiff
17                                  P. O. Box 1006
                                    North Bend OR 97459
18                                  541.756.2066 – Telephone
                                    541.756.2060 -- Facsimile
19                                  Email: dkoch@stebbinsandcoffey.com

20

21

22

23

24

25

26

*MOTION – Preliminary Injunction - 9*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 24 of 28

Stebbins & Coffey
Attorneys at Law
P.O. Box 1006
745 California St.
North Bend, OR 97459
(541) 756-2066

1

2

3

4

5       IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6          FOR THE COUNTY OF COOS

7

8 THE CITY OF NORTH BEND, an Oregon )
 Municipal Corporation,      ) Case No.: 09CV0783

9        )
      Plaintiff,    )

10         ) AFFIDAVIT OF JAN WILLIS
    vs.       ) IN SUPPORT OF PLAINTIFF'S
         ) MOTION FOR PRELIMINARY

11         ) INJUNCTION
 COQUILLE INDIAN TRIBE OF OREGON )

12 and COQUILLE ECONOMIC   )
 DEVELOPMENT CORPORATION,  )

13         )
     Defendants.   )

14         )

15

16 STATE OF OREGON  )
        ) ss

17 COUNTY OF COOS  )

18   I, Jan Willis, being first duly sworn, say:

19 1. I am the City Administrator for the City of North Bend ("City").

20 2. In my role as City Administrator, I oversee and am responsible for the

21   development and implementation of the City's budget.

22 3. The City has been engaged in discussions and negotiations with the Coquille

23   Indian Tribe and its Coquille Economic Development Corporation (collectively,

24   the "Defendants"), for more than one year regarding the Defendants' desire to

25   modify the terms of an Agreement for Municipal Services that was entered into

26   between the parties in 1994 ("Agreement").

*Affidavit of Jan Willis - 1*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 25 of 28

4. During the course of these discussions, the Defendants have, at times, withheld payments due to the City under the Agreement. The City has been informed by one or more agents of the Defendants that the Defendants' purpose of withholding payments to the City was to convince the City to accept the Defendants' terms for a new Agreement.

5. In turn, the City has informed the Defendants that the withholding of payments is not allowed under the Agreement, and that the Defendants' failure to make payments when due will result in severe economic hardship to the City, including the forced layoff of some City employees.

6. The terms of the Agreement require that the Tribe make one annual payment in lieu of property taxes in July of each year. The City has traditionally allowed the Tribe to make four equal quarterly payments, without penalty or interest, rather than requiring a single annual payment. This accommodation has been made at the discretion of the Plaintiff, and has not been incorporated as a written amendment to the Agreement.

7. Under the quarterly payment system, the Defendants were required to make a quarterly payment in lieu of property taxes in July 2009, in the approximate amount of $115,000. The Defendants have failed and/or refused to make this payment.

8. In addition, the Defendants are required to make an additional quarterly payment of $115,000, as well as a payment in lieu of the transient occupancy tax in the approximate amount of $45,000, in October 2009. The Defendants have informed the Plaintiff in writing that they will not make any payments due under the Agreement for the fiscal year beginning July 1, 2009, until the City has agreed to amend the Agreement.

*Affidavit of Jan Willis - 2*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 26 of 28

9. Since July 1, 2009, the Defendants have continued to demand and receive municipal services from the Plaintiff, including police and fire services.

10. If the Defendants fail to make any payments due under the Agreement, the City will not receive approximately $639,000 in budgeted revenue for the current fiscal year.

11. In anticipation of the Defendants' continued breach of the Agreement, the City must make reductions in its budgeted expenditures for the remainder of the fiscal year to make up the revenue shortfall.

12. The City has a revised budget for its current fiscal year that includes the elimination of one police officer position, one firefighter position, and one parks department employee, for an anticipated savings of $140,993. The police position is currently vacant and will not be filled. The firefighter and parks positions are currently filled, and the employees in those positions will be terminated effective November 1, 2009.

13. It is my belief as a City Administrator that reductions in staffing for police and/or fire services impose a risk that adequate personnel will not be available to promptly respond to emergency situations, which increases the risk of property damage, serious injury, and death in such situations.

14. It has further been my experience that once a position is eliminated, the employee filling that position is lost and does not return even if the position is

/ / /

/ / /

/ / /

/ / /

/ / /

*Affidavit of Jan Willis - 3*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 27 of 28

1    later reinstated, which causes the City to lose the training and experience invested in

2    that individual.

3

4    DATED this _25_ day of September, 2009.

5

6

7    Jan Willis

8

9    SWORN AND SUBSCRIBED before me this _25_ day of September, 2009, by
     Jan Willis.

10

11

12    NOTARY PUBLIC FOR OREGON
      My Commission Expires: _Nov. 2, 2012_

13

14

15    OFFICIAL SEAL
      JOANN MARIE THOMPSON
      NOTARY PUBLIC-OREGON
      COMMISSION NO. 433936
16    MY COMMISSION EXPIRES NOVEMBER 2, 2012

17

18

19

20

21

22

23

24

25

26

*Affidavit of Jan Willis - 4*

Exhibit 1 to Coquille Tribe's Notice of Removal
Page 28 of 28